IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE JOHNSON,

        Plaintiff,

    v.

CITY OF PORTLAND POLICE;
OFFICERS T. GRADWAHL #29981;
M. HOPPER #36239; J. GOLDSCHMIT
#28711; P. McCONNELL #28715;
C. DUAL #25075; J. DARBY #32384;
E. HAMANN #16415 (Individual
& Official Capacities); including
MICHELA NOELLE CURRY,

        Defendants.

Civil No. 07-1325-AC

FINDINGS AND RECOMMENDATION

    CLARENCE JOHNSON
    Fed. Reg. No. 69437-065
    Federal Detention Center
    P.O. Box 6000
    Sheridan, OR  97378

        Plaintiff *Pro Se*

    WILLIAM M. MANLOVE
    Senior Deputy City Attorney
    Office of City Attorney
    1221 SW Fourth Ave, Room 430
    Portland, OR  97204

        Attorney for Defendant City of Portland

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Plaintiff, an inmate at F.D.C. Sheridan, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court is Defendant City of Portland's Rule 12 Motion to Dismiss (#11). For the reasons that follow, Defendant City of Portland's Motion should be GRANTED, and Plaintiff's claims against the City of Portland should be DISMISSED, with leave to file an amended complaint. Plaintiff's claims against the remaining Defendants also should be DISMISSED, without prejudice, for want of prosecution.

## BACKGROUND

Plaintiff filed this civil rights action on September 5, 2007. In his Complaint, Plaintiff alleges claims of excessive force, unlawful search and seizure, and false arrest. Plaintiff alleges his claims against the individual Defendants. He does not make any allegations against the City of Portland.

On November 27, 2007, the Honorable Donald C. Ashmanskas of this court issued an order giving Plaintiff 60 days to complete and return Summonses and U.S. Marshal instruction forms for issuance and service of process on the named Defendants. Plaintiff was advised that if he failed to do so, his claims would be dismissed. Plaintiff completed and returned a Summons and U.S.

2 - FINDINGS AND RECOMMENDATION -

Marshal instruction form for Defendant City of Portland, but he did not do so for the remaining Defendants.

On January 22, 2008, Defendant City of Portland filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Plaintiff was given until February 21, 2008, to file a response to Defendant City of Portland's motion. Plaintiff did not file a response and did not request an extension of time to file a response.

## DISCUSSION

### I.  Defendant City of Portland's Motion to Dismiss

Defendant City of Portland moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. "In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

3 - FINDINGS AND RECOMMENDATION -

In civil rights cases involving a plaintiff proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before the court may dismiss a *pro se* civil rights complaint for failure to state a claim, the court must supply the plaintiff with a sufficient statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

To state a 42 U.S.C. § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

4 - FINDINGS AND RECOMMENDATION -

"Municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'" Eggar v. City of Livingston, 40 F.3d 312, 314 (9th Cir. 1994) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 126 (1988)), cert. denied, 515 U.S. 1136 (1995). It is well settled that liability under § 1983 cannot be premised upon the mere fact that a municipality employed the offending individuals. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978). Rather, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local government unit. Board of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997); Ortez v. Washington County, 88 F.3d 804, 811 (9th Cir. 1996).

Plaintiff's Complaint contains no allegations of any constitutional deprivation resulting from the individual Defendants' actions that were caused by any policy or custom of the City of Portland. Without such an allegation, or any facts that might raise an inference of such an allegation, Plaintiff fails to state a claim upon which relief may be granted under 42

5 - FINDINGS AND RECOMMENDATION -

U.S.C. § 1983.  Accordingly, Defendant City of Portland's motion to dismiss should be granted.  However, because Plaintiff is proceeding *pro se*, he should be granted leave to file an amended complaint to attempt to cure these deficiencies, and he should be advised that if he fails to file an amended complaint that cures these deficiencies, his claim against the City of Portland will be dismissed with prejudice.

**II.  Remaining Defendants**

As noted, Plaintiff was advised of the need to complete and return Summonses and U.S. Marshal instruction forms for the remaining Defendants, and was further advised that if he failed to do so his claims would be dismissed.  Nonetheless, Plaintiff did not complete and return the Summonses and U.S. Marshal instruction form.  Accordingly, Plaintiff's claims against the remaining Defendants should be DISMISSED, without prejudice.

## RECOMMENDATION

For these reasons, Defendant City of Portland's Motion to Dismiss (#11) should be GRANTED.  Plaintiff should be given leave to file an amended complaint curing the deficiencies noted, and should be advised that if he fails to do so, his claims against the City of Portland will be dismissed with prejudice.  Further, Plaintiff's claims against the remaining Defendants should be DISMISSED, without prejudice.

6 - FINDINGS AND RECOMMENDATION -

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 19, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this __5th__ day of March, 2008.

                                      ___/s/ John V. Acosta___
                                          John V. Acosta
                                          United States Magistrate Judge